**UNITED STATES, Appellee,**

v.

**James C. CALDWELL, Airman, U.S. Air Force, Appellant.**

No. 44,233.
ACM 23394.

U.S. Court of Military Appeals.

Dec. 5, 1983.

For Appellant: *Colonel George R. Stevens* (argued).

For Appellee: *Major Michael J. Hoover* (argued); *Colonel Kenneth R. Rengert* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Pursuant to his pleas of guilty, appellant was convicted by a general court-martial of "willfully and maliciously" setting fire to "an inhabited dwelling" at Moody Air Force Base, Georgia, in violation of Article 126, Uniform Code of Military Justice, 10 U.S.C. § 926. The sentence was a dishonorable discharge, confinement at hard labor for 7 years, total forfeitures, and reduction to the pay grade of E–1. The convening authority approved the findings and sentence; and the Air Force Court of Military Review, after rejecting a defense contention that the plea of guilty was improvident, affirmed the findings, reduced the confine-

ment to 5 years, and otherwise affirmed the sentence.

This Court granted review on this issue: WHETHER APPELLANT'S PLEA OF GUILTY WAS IMPROVIDENT WHERE THE MILITARY JUDGE FAILED FULLY TO DELINEATE THE ELEMENTS OF AGGRAVATED ARSON AND FAILED TO ASCERTAIN THAT APPELLANT'S INTOXICATION WAS NOT SUFFICIENT TO NEGATIVE THE SPECIFIC INTENT REQUIRED?

I

As part of the providence inquiry, the military judge informed Caldwell of the elements of the offense in this manner:

That, at Moody Air Force Base, Georgia, on or about 23 September 1981, you set on fire an inhabited dwelling, that is, Building 570, which was property of the United States; secondly, that the dwelling itself, Building 570, was of a value of about $458,000.00; and third, that the act was willful and malicious on your part. When I say willful, I mean intentional. It refers to the doing of an act knowingly and purposely, specifically intending the natural and probable consequences thereof.

Thereafter, upon inquiring of appellant about the circumstances under which the fire had been set, the judge received this explanation:

During the afternoon hours of the 23rd day of September, I began drinking in the early afternoon with some other people also in the squadron and as night-time got on, I became more intoxicated and sometime between the hours of 7:00 and 8:00 o'clock I went to the third floor alone. I had no hostilities toward the Air Force or any particular person and without reason I ignited a piece of cardboard and placed it in a chair in the third floor dayroom. Shortly thereafter, the fire had consumed the chairs and it was necessary to be extinguished by the Fire Department.

The fire was getting out of hand, in other words; but I had left the scene. I wasn't there watching it burn and I really wasn't aware of what it was doing. My intentions were not to burn the building but only to disfigure the chair or do a minimum amount of damage.

Caldwell conceded that, even though he was intoxicated, he recalled setting fire to the cardboard and putting it in the chair. "[A]t the time it seemed like it was like a dream world." Later, appellant added:

I wasn't planning to burn the building but only to disfigure the chair in some way or more or less destruction of the chair. At the time, I didn't think the chair would ignite due to it was made of a vinyl material and I though it would melt or, as I stated, disfigure the chair in some way.

\* \* \* \* \* \*

I intended to burn the chair, Your Honor. I didn't realize what the consequences would cause or the fact that the fire did burn parts of the dayroom.

Appellant's answers led the military judge to declare a recess so that he could "do a bit of research on this." After court reconvened, the judge questioned appellant further and established that, despite his intoxication, Caldwell's mental and physical faculties were not so impaired that he did not know what he was doing. Moreover, Caldwell conceded that he "did intend to burn that chair"; and he left "it there to let whatever happen[ed] happen." After verifying with defense counsel that his investigation had not revealed facts sufficient to warrant raising the defense of intoxication, the judge accepted the plea of guilty and entered his findings thereon.

II

In *United States v. Greene,* 20 U.S.C.M.A. 297, 43 C.M.R. 137 (1971), this Court held that simple arson was a specific-intent offense and that voluntary intoxication might be a defense thereto. In advising appellant about the elements of the offense charged, the military judge followed the guidance of *Greene* and stated that the burning must

have been "intentional"—an act done "knowingly and purposely, specifically intending the natural and probable consequences." Caldwell's subsequent answers during the providence inquiry were not consistent with this, for appellant indicated his intent had only been to burn a chair, rather than the building. In that event, under *Greene* he was guilty only of simple, rather than aggravated, arson.

However, in *United States v. Acevedo-Velez*, 17 M.J. 1 (C.M.A.1983), we repudiated the teaching of *Greene*. Our examination of legislative intent in light of the common-law history of arson and the pre-Code military treatment of the offense convinced us that Congress meant for arson—both simple and aggravated—to be a general-intent offense. Thus, the term "willfully and maliciously" used in Article 126(a) and 126(b) should be construed to have only the meaning that it had in the common-law definition of arson.

While setting a fire accidentally or by negligence does not fulfill the requirement of willfulness, a servicemember who knowingly starts a fire without lawful excuse and for some mischievous purpose is guilty of arson if any property of another is damaged. If that property is "an inhabited dwelling, or any other structure, movable or immovable, wherein to the knowledge of the offender there is at the time a human being," he is guilty of aggravated arson. Article 126(a).

Caldwell conceded in his answers to the judge's questions that he had intentionally set fire to the cardboard in the chair. From his answers, it is evident that, despite any intoxication, he knew what he was doing, knew that it was wrong, and knew that he was in an inhabited dwelling. Under these circumstances, it is irrelevant whether he intended to burn or damage the building or foresaw that this might be the result of his conduct. Therefore, the judge properly accepted the plea of guilty.

### III

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COOK and FLETCHER, concur.