**360**

UNITED STATES, Appellee,

v.

Andre A. WILLIAMS, Specialist Four
U.S. Army, Appellant.

No. 50121/AR.
SPCM 20146.

U.S. Court of Military Appeals.

Feb. 24, 1986.

For Appellant: *Captain Richard J. Anderson* (argued); *Colonel William G. Eckhardt, Major Lawrence F. Klar, Captain Mélvin F. Fortes* (on brief); *Colonel Brooks B. La Grua, Lieutenant Colonel William P. Heaston, Captain Paul E. Conrad, Captain James E. Girvin.*

For Appellee: *Captain Tarek Sawi* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Larry D. Williams, Captain Frederick A. Johnson* (on brief).

_____

*Opinion of the Court*

COX, Judge:

Appellant was tried by special court-martial on November 8, 1983, at Fort Carson, Colorado. Contrary to his pleas, he was convicted by military judge sitting alone of one specification of absence without leave (AWOL), in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. His sentence to confinement for 2 months, forfeiture of $382 pay per month for 2 months, reduction to the grade of E–1, and a bad-conduct discharge was approved by the convening authority. The Court of Mil-

itary Review affirmed in a short-form opinion.

.The following issue was specified for review by this Court:[1]

WHETHER APPELLANT SHOULD HAVE BEEN ACQUITTED IN VIEW OF HIS UNREBUTTED TESTIMONY.

We hold that the evidence is legally sufficient to establish appellant's guilt beyond a reasonable doubt and affirm.

As is typical in an AWOL case, the Government established a *prima facie* case through documentary evidence showing appellant's unauthorized absence from his unit in Baumholder, Germany, for the period August 5, 1980, to September 27, 1983. Appellant contends that the findings of guilty must be set aside because the Government did not rebut the defense raised in his testimony.

Appellant admitted that he was absent from his unit for over 3 years but asserted that it was due to his inability to return from authorized leave. He testified, in substance, as follows:

Upon being granted 35 days of leave, he departed Germany on June 20, 1980, to visit his family in Omaha, Nebraska. Just before he was due to report back to Germany on July 24, he lost his wallet, which contained his return airline ticket, all of his money, and his leave papers. At some point thereafter, he called the local recruiting station, the security police at Offutt Air Force Base (located near Omaha, Nebraska), and the Red Cross, requesting assistance. He was told in each case that they could not help him in any way. He called his company in Germany five or six times and was told "that it wasn't their problem." He wrote a letter to the company and received a reply from "some lieutenant" telling him to "try and find the best way back ... [he] could, but there wasn't ... [a] way ... [he] could get back." By

this time, appellant "was all confused" and did not "know what to do."

Consequently, appellant did nothing further and stayed in Omaha with his family, working at odd jobs. Over 3 years later, on September 21, 1983, he received a letter from the Army stating that he "was a deserter" and telling him "to report to Fort Benjamin Harrison, Indiana." As he did not have the means "to get there," he turned himself in at the local recruiting station. Personnel at the recruiting office contacted the security police at Offutt Air Force Base, and he was ultimately transferred to Fort Carson for trial.

During cross-examination by trial counsel, appellant testified that he did not remember when or how he lost his wallet. He did not recall how long he waited after losing his wallet before contacting military authorities. He did not remember the name of the lieutenant from the company who wrote him a letter. He did not try to contact a military lawyer or a chaplain for assistance. He did not try to obtain a loan from a bank because he did not have a credit rating. He did not contact Army Emergency Relief because he did not know about it. He did not contact the airline about a refund for the lost ticket, as he was confused. He did not try to get a military hop at Offutt Air Force Base because he had no way to get there. His family was poor and did not have a car. He could not hitchhike to Offutt because he had never hitchhiked in his life. At the time he failed to return from leave, he had been in the Army for over 2 years.

Trial counsel did not request a continuance to attempt to obtain evidence to rebut appellant's uncorroborated story. Instead, he argued that appellant's negligence negated any claim that the absence was due to no fault of his own and, moreover, that appellant's story was unworthy of belief.

---

1. In addition to the issue discussed, we granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ADMITTING PROSECUTION EXHIBITS 1 AND 3 INTO EVIDENCE.

After consideration of the record, and the briefs and argument of counsel, we conclude that the exhibits were properly admitted under Mil.R. Evid. 803(8) as official records.

When a military member "is unable to return" from "authorized leave ... through no fault of his own," the defense of physical inability exists and the absence is excused. Para. 165, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Lee*, 16 M.J. 278 (C.M.A. 1983); *United States v. Myhre*, 9 U.S.C.M.A. 32, 25 C.M.R. 294 (1958); *United States v. Amie*, 7 U.S.C.M.A. 514, 22 C.M.R. 304 (1957). The requirement that the absence be "through no fault of his own" is "strictly construed" and includes only those situations where the absence is "for a reason which was out of the accused's hands." *United States v. Lee, supra* at 280. Here, appellant's alleged difficulties originated with his act of losing his wallet. As he stated that he did not remember how it happened, his testimony did not even suggest that the wallet was "lost" "through no fault of his own."

Even if the defense of inability were available initially, it can be defeated if it is shown that the accused did not exert sufficient effort to overcome the inability. *United States v. Lee, supra* at 281; *United States v. Kessinger*, 9 C.M.R. 261 (A.B.R.1952). *Cf. United States v. Bermudez*, 47 C.M.R. 68 (A.F.C.M.R.), *pet. denied*, 22 U.S.C.M.A. 631, 48 C.M.R. 999 (1973). Appellant stated that his leave expired on July 24 but he was not listed as AWOL until August 5. Thus, his unit apparently gave him a "grace period" to make his way back from leave. Although both a military base and a recruiting station were within a few miles of appellant's home, he chose not to return to military control during this "grace period." It was only after remaining an unauthorized absentee for over 3 years that appellant presented himself to a recruiting office. Merely calling military installations for assistance is not sufficient to terminate an absence. *United States v. Acemoglu*, 21 U.S.C.M.A. 561, 45 C.M.R. 335 (1972).

Assuming for the sake of this appeal that appellant's testimony did raise a defense, it does not automatically follow that the Government's paper case thereby became insufficient to convict. When a defense is reasonably raised by some evidence, it must be the subject of instruction if trial is by members, and the trier of fact must be convinced beyond a reasonable doubt that the "defense does not exist." Para. 214, Manual, *supra*. In this regard, the trier of fact—here a military judge—could have chosen to disbelieve the testimony of appellant.

The statements of an accused must be accepted at face value in the providence inquiry, *United States v. Jemmings*, 1 M.J. 414 (C.M.A. 1976), but that is not the case when an accused testifies as a witness in a contested action. The factfinder is free to disbelieve apparently credible and unrebutted testimony of the accused, as well as that of any other witness.[2] The military judge here had the opportunity to observe appellant's demeanor and hear his responses and was in a superior position to accept or reject his testimony in whole or in part. *United States v. Albright*, 9 U.S.C.M.A. 628, 26 C.M.R. 408 (1958). As there is competent evidence from which the trier of fact could have found every element of the offense charged beyond a reasonable doubt, the finding of guilty will not be disturbed by this Court.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

[2] "[T]he *mere assertion of any witness* need not be believed, *even though he is unimpeached* in any manner, because to require such belief would be to give a quantitative and impersonal measure to testimony." VII Wigmore, *Evidence* 2034(3) (Chadbourn rev. 1978) (footnote omitted).