UNITED STATES, Appellee,

v.

John D. MARKS, Senior Airman, U.S. Air Force, Appellant.

No. 59,359.
ACM 25895.

U.S. Court of Military Appeals.

Sept. 19, 1989.

For Appellant: *Major Frank J. Spinner* (argued); *Colonel Leo L. Sergi* (on brief).

For Appellee: *Major Kathryn I. Taylor* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni* (on brief); *Lieutenant Colonel Morris A. Tanner, Jr.*

*Opinion of the Court*

SULLIVAN, Judge:

On January 20 and 21, 1987, appellant was tried by a military judge sitting alone as a general court-martial at Maxwell Air Force Base, Alabama. Contrary to his pleas, he was found guilty of aggravated arson, in violation of Article 126(a), Uniform Code of Military Justice, 10 USC § 926(a). He was sentenced to a bad-conduct discharge, confinement for 1 year and 1 day, forfeiture of $200.00 pay per month for 7 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged. The Court of Military Review, sitting *en banc*, affirmed by a vote of 5–3 the findings of guilty and the sentence. 25 MJ 653 (1987).

This Court granted review of the following issue:

WHETHER THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH THAT APPELLANT ACTED "WILLFULLY AND MALICIOUSLY."

We hold that the evidence was sufficient as a matter of law for a rational trier of fact to find appellant guilty beyond a reasonable doubt of aggravated arson. *See generally Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *United States v. Williams*, 21 MJ 360, 362 (CMA 1986).

The Court of Military Review stated the facts of this case in their opinion below, as follows:

The appellant's court-martial resulted from a fire in the USAF Regional Hospital, Maxwell Air Force Base, Alabama, in the early hours of 22 August 1986. The appellant was on duty in the hospital emergency room at 0528 hours when the fire alarm sounded. He proceeded to the source of the fire, which was in the vicinity of several canvas litters which were stacked in a[n] upright position under the stairwell. The fire had been extinguished by the appellant and other hospital personnel by the time firefighters arrived on the scene. Investigation revealed that a fire from one of the litters had caused a burning of the paint on the adjacent wall under the stairwell and of a large board affixed to the wall with heavy bolts, to which the litters were attached. The fire had caused the spread of a smoky haze throughout portions of the hospital resulting in a number of patients being evacuated from the wards.

For reasons not fully developed in the record the appellant attracted the suspicion of investigators. When he was initially questioned on 25 September 1986 he denied any knowledge of the fire's origin. However, on 1 October 1986, he acknowledged responsibility and executed a sworn statement following an appropriate advisement of rights. Article 31, U.C.M.J., 10 U.S.C. § 831; *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967). The appellant, who did not subsequently testify on the merits at trial, stated to investigators that he had passed the litters at 0515 hours, 22 August 1986, while on a break from his scheduled place of duty in the emergency room. Having heard that the canvas portions of the litters were flame resistant, he decided to test the validity of this information. He held the flame of a lighter to the canvas material on one of the litters. According to his statement, "It appeared as if nothing happened." The appellant proceeded to his place of duty and responded to the fire alarm "approx[imately] 20 min[utes] later." The evidence produced at trial reflects that the fire alarm actually sounded 13 minutes later, at 0528 hours.

25 MJ at 655.

------

Appellant was charged and found guilty of "willfully and maliciously set[ting] on fire ... the installation hospital, building # 50," in violation of Article 126(a). *See United States v. DeSha*, 23 MJ 66 (CMA 1986), *cert. denied*, 481 U.S. 1004, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987). He claims on appeal, as he did at trial, that the evidence of record does not show he "willfully and maliciously set" any fire. *See United States v. Banta*, 26 MJ 109 (CMA 1988). Instead, he asserts that the evidence shows he negligently[1] caused this fire without evil motive and without even knowing of its ignition. Such a mental state, he asserts, is insufficient for conviction of aggravated arson under Article 126. *See Grable v. Varela*, 115 Ariz. 222, 564 P.2d 911, 913 (App.1977).

■ The first question before us is the correctness of appellant's implication that the evidence of record in this case showed only that his conduct causing the fire was unintentional. His written pretrial statement does contain such self-serving statements concerning his conduct and state of mind. Yet, as noted by the military judge, this evidence does not bind the factfinder. *See United States v. Williams, supra* at 362. There was additional evidence presented to him that appellant had earlier made oral pretrial statements, first denying any involvement in the fire and then suggesting the fire was caused by a cigarette carelessly disposed of by someone

---

1. There is significant authority, both military and civilian, that an accused cannot negligently commit arson, regardless of the degree of negligence involved. *See* R. Perkins and R. Boyce, *Criminal Law* 276 (3d ed. 1982); J. Snedeker, *Military Justice Under the Uniform Code* 883–84 (1953); A. Curtis, *A Treatise on The Law of Arson* § 60 at 74–75 (1936); W. Winthrop, *Military Law and Precedents* 681 (2d ed. 1920 Reprint).

other than himself. Accordingly, an ample basis existed in the record for the judge to disregard the exculpatory portions of appellant's written statement. Moreover, he could circumstantially infer criminal intent from appellant's remaining admissions therein and the physical evidence of fire in this case.[2] *See United States v. Rose*, 28 MJ 132 (CMA 1989); *see generally* A. Curtis, *A Treatise on The Law of Arson* § 59 (1936). This evidence alone was sufficient to support his conviction. *See United States v. Hart*, 25 MJ 143 (CMA 1987), *cert. denied*, —— U.S. ——, 109 S.Ct. 85, 102 L.Ed.2d 61 (1988). *See generally Jackson v. Virginia, supra.*

Assuming the factfinder accepted appellant's written pretrial version of these events, a second question exists whether the state of mind described there could be considered "willful and malicious" within the meaning of Article 126. *See United States v. Marks, supra* at 658 (dissent). Appellant asserted various reasons why this evidence did not establish as a matter of law the requisite mens rea for aggravated arson. He asserted these reasons in his motion for a finding of not guilty under RCM 917, Manual for Courts–Martial, United States, 1984, and in his later argument to the judge on findings. *See* RCM 919.

He first contends that his written pretrial statement shows that he did not intend to set any fire, either to the canvas litters, the hospital, or any of its parts. Basically, he asserts that an intent to put an open flame on a material which is believed to be flame retardant or resistant is not a general intent to burn or set fire to that material. He distinguishes *United States v. Acevedo–Velez*, 17 MJ 1 (CMA 1983), and *United States v. Caldwell*, 17 MJ 8 (CMA 1983), on the basis that in those cases the accused at least intended to set fire to objects within the buildings he was charged with burning.

■ This argument, albeit appealing on its face, withers away under closer examination. Appellant put the flame to the material because "I was just curious as to if the litters were made of flame retardant material which I thought they were." His own explanation acknowledges the possibility of error on his part and by implication a conditional intent to burn if the material was not "flame retardant." This state of mind is sufficient for offenses including aggravated arson.[3] *See generally* W. La-Fave and A. Scott, *Substantive Criminal Law* § 3.5(d) at 312–13 (1986); R. Perkins and R. Boyce, *Criminal Law* 646–47 (3d ed.1982); G. Williams, *Criminal Law* § 23 at 52–53 (2d ed.1961); *see* American Law Institute, *Model Penal Code and Commentaries* § 2.02(d)(6) and Explanatory Note 8 at 247 (1985).

Appellant next contends that his statement shows his motive in holding the flame of his lighter to the canvas litter was not evil but simple curiosity. In particular, his purpose was to verify his belief that the material of the litters was "flame retardant." Therefore, he argues that such a "stupid," but nonetheless benign, intent cannot be considered willful and malicious. We again disagree. *See United States v. Pugh*, 28 MJ 71 (CMA 1989).

■ The decisions of this Court in *United States v. Acevedo–Velez, supra* at 7, and *United States v. Caldwell, supra,* make clear that aggravated arson is a general intent crime. The intent required is that the burning or setting on fire be done deliberately without justification or excuse, not negligently or accidentally. *Id.* Motive in doing an act, regardless of what that motive is, assumes a purposefulness on the part of the actor. *See United States v. Watkins*, 21 MJ 224, 227 (CMA), *cert. de-*

---

2. The dissenters at the court below have not convinced us that such a conclusion based on the evidence in this record is unreasonable.

3. We need not comment in this case on the applicability of the doctrine of "foreseeable consequences" in the context of aggravated arson as considered by the majority of the court below. 25 MJ 653, 656 (1987). *See* n. 1 of this opinion. We also need not discuss whether the doctrine of implied or imputed malice can or should be applied in this case. *See* Perkins, *supra* at 276–77.

**4**

*nied,* 476 U.S. 1108, 106 S.Ct.1956, 90 L.Ed.2d 364 (1986). Moreover, no serious contention can be made that appellant's conduct while on duty was authorized in any sense or was other than pure mischief. *Cf. United v. Banta,* 26 MJ 109, 112 (CMA 1988). Accordingly, the purported existence of this motive on appellant's part did not negate or undermine the willfulness and maliciousness of his conduct. *See United States v. Rondo,* 44 CMR 595, 601 (AFCMR), *pet. denied,* 21 USCMA 618, 44 CMR 940 (1971). *See generally* Perkins, *supra* at 275–76; J. Snedeker, *Military Justice Under the Uniform Code* 883–84 (1953).

Appellant finally contends that the pretrial written statement shows he acted unknowingly or under the mistaken belief of fact that he was not burning or setting a fire. This argument may have some merit as a matter of law. *See United States v. Caldwell, supra* at 10. *See generally United States v. Mance,* 26 MJ 244 (CMA), *cert. denied,* — U.S. —, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988); *cf.* Perkins, *supra* at 279. However, the military judge still would have to decide whether this purported lack of knowledge on appellant's part existed as a matter of fact. As noted earlier, he properly resolved this question against appellant.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Chief Judge (concurring in part and dissenting in part):

In the supplement to the petition for grant of review, appellant set forth a single issue:

WHETHER THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH THAT APPELLANT ACTED "WILLFULLY AND MALICIOUSLY."

This was the only issue on which we granted review, and I think it clearly deserves the answer reached by the majority. The evidence showed that the fire had begun in a canvas litter stacked under the stairwell of the Regional Hospital at Maxwell Air Force Base. After initially denying any involvement in the fire, Marks finally made a voluntary statement in which he admitted that he had "held the flame of a lighter to the canvas material on one of the litters"— shortly before the fire began. 25 MJ 653, 655 (AFCMR 1987). This evidence was sufficient to establish his guilt because, under the circumstances, the factfinder—here, the military judge—was entitled to disregard the exculpatory aspects of appellant's pretrial statement and to rely upon the reasonable inferences of guilt from this evidence.

Unfortunately, the issue assigned by appellant and on which we granted review is not literally responsive to the point made by Judge Lewis in his cogent dissent in the court below. As he pointed out (25 MJ at 656), Marks was convicted of aggravated arson, which requires the Government to prove "that the accused set the fire willfully and maliciously, that is, not merely by negligence or accident." Para. 52(c)(1), Part IV, Manual for Courts–Martial, United States, 1984. "[T]he requirement of willfulness" is satisfied when "a servicemember ... *knowingly* starts a fire without lawful excuse and for some mischievous purpose ..." *United States v. Caldwell,* 17 MJ 8, 10 (CMA 1983) (emphasis added). Likewise, in *United States v. Acevedo–Velez,* 17 MJ 1 (CMA 1983), we made clear that the Government must prove that the accused has intentionally set a fire. Thus, if the factfinder accepted appellant's version of events, his conduct lacked the requisite willfulness because he did not intend or desire that a fire actually be started.*

---

\* The majority opinion relies on a theory of "conditional intent" to find this willfulness. However, that theory, as discussed in the authorities cited by the majority, is inapposite under these facts. To illustrate the theory, one who breaks and enters a building to steal jewelry if he can find any does so with the *conditional intent* of stealing—that is, conditioned on finding jewelry inside. To analogize to this case, if appellant had set flame to the litter with the intent to burn the litter if it would burn, the theory of conditional intent would apply. In contrast to

As the dissenters below pointed out, defense counsel asked the military judge to submit special findings. *See* RCM 918(b), Manual, *supra*. Unfortunately, though, the military judge failed to make a finding on the crucial element of intent. By reason of this failure, he left open the issue of what intent would suffice to establish liability for aggravated arson under the circumstances of this case.

Accordingly, I would remand the record so that the military judge could make the necessary findings or, if that proves impracticable, I would affirm a conviction of the lesser-included offense requiring only negligence. *See* Art. 108, Uniform Code of Military Justice, 10 USC § 908.

this hypothetical, however, appellant's version reflects no such intent. Instead, his intent, under his version, was to *see if* it would burn—which stops *short* of an intent *to burn* if it *will.*