UNITED STATES of America, Appellee,

v.

**Joanne Uline GIDDEN, Appellant.**

**No. 79–5122.**

United States Court of Appeals, Fourth Circuit.

Argued April 2, 1982.

Decided May 17, 1982.

Certiorari Denied Oct. 4, 1982.

See 103 S.Ct. 167.

tion.

Joseph A. Miklasz, Glen Burnie, Md. (M. R. Rohrback, Glen Burnie, Md., on brief), for appellant.

Catherine C. Blake, Asst. U. S. Atty., Baltimore, Md. (J. Frederick Motz, U. S. Atty., Jane W. Moscowitz, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BUTZNER, RUSSELL and HALL, Circuit Judges.

PER CURIAM:

Joanne Uline Gidden was convicted under 18 U.S.C. § 81 for setting fire to her family's living quarters at the Annapolis Naval Station. She appeals and we affirm.

One of Gidden's arguments merits brief attention because of its novelty. She contends that the government destroyed the evidence of the fire by repairing the apartment and, as a consequence, her expert witness was unable to formulate an opinion about the source of the fire. Although the government agents took photographs of the scene and saved bags of evidence which they though would be relevant, Gidden's expert opined that those pieces of evidence were insufficient to support any conclusions.

We simply cannot agree that the government should have left the burned apartment intact until an indictment issued and the defendant's expert had an opportunity to see it. Health and safety considerations as well as the practical necessity of utilizing the space available for military housing required that the Giddens' living quarters be restored to normal without undue delay. Moreover, the categorical imperative is disturbing: if every crime scene were preserved pending an indictment, a substantial part of our country would be in a state of suspended animation.

The other issues raised on appeal are patently without merit. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.