**UNITED STATES, Appellee,**

v.

**Vaughn DESHA, Sergeant, U.S. Marine Corps, Appellant.**

No. 48,255.

NMCM 83 4044.

U.S. Court of Military Appeals.

Nov. 10, 1986.

Certiorari Denied April 6, 1987.

See 107 S.Ct. 1626.

For Appellant: *Lieutenant Timothy D. Persons,* JAGC, USNR (argued); *Captain David C. Larson,* JAGC, USN (on brief).

For Appellee: *Lieutenant Michael Mudgett,* JAGC, USNR (argued); *Captain W. J. Hughes,* JAGC, USN, and *Captain David B. Stratton,* USMCR (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

In accordance with his guilty pleas, appellant was convicted of aggravated arson, in violation of Article 126(a), Uniform Code of Military Justice, 10 U.S.C. § 926(a). The military judge, sitting alone at this general court-martial, sentenced him to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to the lowest enlisted pay grade. The convening authority, in accordance with the pretrial agreement, approved this sentence. The Court of Military Review affirmed the findings of guilty and the sentence.

This Court granted review on the following issues:

I

WHETHER THE SPECIFICATION OF WHICH APPELLANT WAS CONVICTED FAILS TO STATE AN OFFENSE UNDER ARTICLE 126*a*, UCMJ, IN THAT APPELLANT IS ALLEGED TO HAVE SET FIRE TO HIS OWN DWELLING.

II

WHETHER APPELLANT'S PLEA OF GUILTY WAS IMPROVIDENT IN THAT THE DWELLING TO WHICH

HE ADMITTED SETTING FIRE WAS HIS OWN.

After considering these issues, we affirm.

The facts of this case are not in dispute. Appellant owned and resided in a mobile home located in a trailer park on the grounds of the Marine base at Camp Lejeune, North Carolina. His wife and children had moved out of the dwelling a month earlier and resided in another state. There was a mortgage on this mobile home and a divorce action was expected.

Around 8:30 p.m. on March 8, 1983, appellant poured gasoline on the floor of the bedroom and a hallway of his trailer. At 2 o'clock in the morning on March 9, 1983, he set the trailer ablaze by tossing a roll of burning paper on the gasoline. He then fled from the trailer.

Neighbors reported the fire and the fire department responded. Other mobile homes were in the trailer park, some as close as 25 to 30 feet, and equipped with propane gas tanks. The fire department deployed against and extinguished the fire which caused significant damage to appellant's trailer but did not spread to his neighbors' trailers.

I

The first granted issue asks whether a servicemember may as a matter of law be convicted of aggravated arson under Article 126(a) for burning his own residence. At common law and under pre-code service definitions of this offense, a person could not be convicted of arson for burning his own home. It had to be the dwelling "of another." *See, e.g.,* R. Perkins, *Criminal Law* 226–28 and cases cited at 226 n. 98 (2d ed. 1969); para. 180c, *Manual for Courts-Martial,* U.S. Army, 1949; para. 180c, *Manual for Courts-Martial,* U.S. Air Force, 1949; section 124, *Naval Courts and Boards,* 1937.[1] Appellant argues that the legislative history of Article 126(a) and this Court's prior decisions dictate the conclusion that this same limitation applies under Article 126(a). *See United States v. Acevedo-Velez,* 17 M.J. 1 (C.M.A.1983); *United States v. Duke,* 16 U.S.C.M.A. 460, 37 C.M.R. 80 (1966). We disagree.

Turning first to the language of this criminal statute (*see United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981)), it is clear that this common-law limitation is not expressly stated in the statutory language and thus, the plain language of Article 126(a) allows prosecution for burning one's own home. The statute reads:

§ 926. Art. 126. Arson

(a) Any person subject to this chapter who willfully and maliciously burns or sets on fire an inhabited dwelling, or any other structure, movable or immovable, wherein to the knowledge of the offender there is at the time a human being, is guilty of aggravated arson and shall be punished as a court-martial may direct.

Moreover, one of the recognized ways of eliminating this common-law restriction was to simply remove the words "of another" from the proposed statute. *See Perkins, supra* at 227; A. Curtis, *A Treatise on The Law of Arson* § 43 at 52 (1936). Finally, the offense is characterized as "aggravated arson," which suggests that this offense is an enlargement upon or a more serious form of the traditional offense. *Perkins, supra* at 225.

We also note that Article 126(b) expressly uses these words of limitation with respect to the crime of simple arson. It states:

---

1. The Supreme Court in *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981), stated that "authoritative administrative constructions should be given the deference to which they are entitled." *See* 2A *Sutherland Statutory Construction* § 49.03 (4th Ed.1984). In this regard we note that since the enactment of the Uniform Code of Military Justice in 1950, all the editions of the Manual for Courts-Martial have consistently provided that a person may be convicted of arson under Article 126(a), UCMJ, 10 U.S.C. § 926(a), for setting fire to his own dwelling. *See* para. 205, *Manual for Courts-Martial, United States,* 1951; para. 205a, *Manual for Courts-Martial, United States,* 1969 (Revised Edition); and Part IV, para. 52c (2)(a), *Manual for Courts-Martial, United States,* 1984.

(b) Any person subject to this chapter who willfully and maliciously burns or sets fire to the property of another, except as provided in subsection (a), is guilty of simple arson and shall be punished as a court-martial may direct.

In addition Article 129, UCMJ, 10 U.S.C. § 929, which proscribes burglary, a common-law offense also against the habitation, expressly retains the limitation to "the dwelling house of another." *See also* Article 130, UCMJ, 10 U.S.C. § 930. Clearly, Congress was aware of this limitation which existed at common law and was capable of expressing it in an unequivocable manner where applicable. *See* J. Snedecker, *Military Justice Under the Uniform Code* 881–82 (1953). *See generally Russell v. United States*, 471 U.S. 858, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985); *United States v. Turkette, supra* 452 U.S. at 580–81, 101 S.Ct. at 2527–28. Therefore, unquestionably the plain language of this statute and its codal context do not favor the position advanced by appellant.

Nevertheless, appellant contends that the legislative history of Article 126(a) evinces the clear intent of the drafters to codify the common law of arson. Consequently, he asserts that the omission of the words "of another" from this penal provision does not reflect an intent to expand the scope of this offense beyond its common-law limitation or at least is ambiguous in this regard. *See Curtis, supra,* and cases cited therein. Relying on the general principle of strict construction of penal statutes, he, therefore, asks this Court to find this limitation by implication and, accordingly, hold that his burning of his own home is outside the scope of this statute. We must reject such an argument.

In *United States v. Turkette, supra* at 580, 101 S.Ct. at 2527, the Supreme Court stated, "If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.' *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)." As noted above, the words "an inhabited dwelling" in Article 126(a) are unambiguous at least in the sense that no restriction on ownership or occupancy is provided. Accordingly, before we can accept appellant's argument, a clearly expressed legislative intent to the contrary must appear.

The legislative history of Article 126(a) was noted in detail in *United States v. Acevedo-Velez* and *United States v. Duke,* both *supra.* This history is particularly silent with respect to an intention to continue the common law and prior military law which restricted the criminal act of arson to the dwelling of another (someone other than the perpetrator). Admittedly, the Morgan Committee, the Defense Department committee that was the primary drafter of the UCMJ legislation in 1948, generally characterized its proposal as "essentially common-law arson," a statement suggesting the above restriction was still applicable. However, the committee in the same sentence in its commentary also stated its proposal "is enlarged to cover structures other than dwellings, in view of the fact that the essence of the offense is danger to human life." Uniform Code of Military Justice: Hearings on H.R. 2498 before a Subcomm. of the House Armed Services Comm., 81st Cong., 1st Sess. (hereinafter House Hearings) 1233 (1949). This recognition of the human hazard resulting from a fire transcends the common-law possessory concern with the security of the dwelling house and is consistent with the modern legislative trend in removing the requirement that the house burned be that of another. *See Perkins, supra* at 227. In any event, this apparent inconsistency in the legislative history falls far short of a clearly expressed intent which would justify our interpreting this penal statute contrary to its plain meaning. *See generally United States v. Turkette, supra.*

We recognize that section 124 of *Naval Courts and Boards, supra,* apparently construed a federal arson statute, 18 U.S.C. 464, to include this common-law exception

even though the words "of another" were not included in that statute and the express language referred to "any dwelling house." We are also aware that the drafters of Article 126 generally referred to this section of *Naval Courts and Boards* with respect to their proposed draft of this codal provision. However, no authority is cited in this service manual for its construction of that federal statute, and we have not been able to discover any on our own. *United States v. Cardish,* 145 F. 242, 246 (E.D.Wisc.1906), and *United States v. Cardish,* 143 F. 640, 642–43 (E.D.Wisc. 1906), suggest a similar interpretation of the statutory predecessor of 18 U.S.C. § 464; however, this was dicta and proferred without explanation. A more recent federal case concerning 18 U.S.C. § 81, the statutory successor of both these federal statutes, suggests a contrary conclusion concerning federal practice. *See United States v. Gidden,* 679 F.2d 19 (4th Cir.), *cert. denied,* 459 U.S. 875, 103 S.Ct. 167, 74 L.Ed.2d 138 (1982). In such a context, we still perceive no clearly expressed legislative intent which contradicts the plain language.

Finally, the prior decisions of this Court[2] also do not support appellant's argument in this case. In *United States v. Acevedo-Velez,* and *United States v. Duke,* both *supra,* specific words in Article 126(a) were construed in accordance with their well recognized common-law meanings. Here, the common-law language "of another" was expressly omitted by Congress, and no clear basis exists in the Code (*United States v. Johnson,* 3 M.J. 361 (C.M.A. 1977)) or the legislative history (*United States v. Buck,* 3 U.S.C.M.A. 341, 12 C.M.R. 97 (1953)) for finding such words by implication.

To summarize, appellant, with advice of counsel, pled guilty to setting fire to his own residence. The instant statute makes it a criminal offense of aggravated arson for anyone who willfully sets fire to "an inhabited dwelling." Notwithstanding the common-law restriction that it was not a felony to burn one's own dwelling, Congress made the burning "of an inhabited dwelling" (meaning *any inhabited dwelling*) a crime. Congress failed to include the common-law restriction in Article 126. The plain language of the statute makes appellant's act a crime. Therefore, appellant's conviction under Article 126 is correct in law and fact and must stand.

## II

The second granted issue initially asked whether appellant's pleas of guilty were improvident because he admitted only that he burned his own residence. It is related to the first granted issue in the sense that appellant implied that such an admission was not legally sufficient to support his pleas of guilty to aggravated arson under his reading of Article 126(a). We have rejected appellant's construction of this statute and, accordingly, we conclude that his pleas were not improvident solely on the basis of his ownership or occupancy of the residence.

■ Expanding on this argument in his final brief, appellate defense counsel for the first time asserts that his pleas were improvident on a somewhat different basis. He notes that Article 126(a) requires that "an inhabited dwelling" be burned to constitute the crime of aggravated arson. He then argues that appellant's admissions during the providence inquiry and his statements during sentencing reflect the fact that this trailer was not actively occupied as a residence. Accordingly, he concludes that his pleas were improvident because it was not shown that he burned "an inhabited dwelling."

Prior to accepting appellant's pleas of guilty, the military judge explained to him the elements of the offense of aggravated arson under Article 126(a). In particular, he informed him, "Now, a house that has never been occupied or which has been

2. Our decisions in *United States v. Caldwell,* 17 M.J. 8 (C.M.A.1983), and *United States v. Fuller,* 9 U.S.C.M.A. 143, 25 C.M.R. 405 (1958), do not specifically address the granted issue in this case.

temporarily abandoned is not an inhabited dwelling. In other words, you would have to be living in that dwelling to constitute arson, inhabiting the dwelling. Do you understand that?" Moreover, in response to later questions from the judge, appellant admitted: (i) the trailer was his "residence"; (ii) he was "inhabiting" it as previously defined; (iii) he never "abandoned" it; and (iv) it was his "residence" when he poured the gasoline and later ignited it.

The military judge's explanation of the meaning of "an inhabited dwelling" for the purpose of Article 126(a) accorded with our decision in *United States v. Duke, supra* at 464, 37 C.M.R. at 84. *See Perkins, supra* at 202. The use of the structure as a place of habitation *at the time of ignition* is controlling. *Id.* Here appellant freely and intelligently admitted such a use and that he had not abandoned the trailer as a residence at the time he set the fire. It is true that appellant also stated that he wanted to "[g]et rid of it" or "burn it all the way to the ground." However, we are not persuaded at this late date that these statements implying an intent not to occupy the trailer in the future cast any doubt as to its character as a place of habitation at the time of the burning.

Moreover, in *United States v. Duke, supra,* this Court implied that the character of the structure as "an inhabited dwelling" was an objective fact unrelated to the mental condition of the arsonist. Of course in that case the arsonist was apparently not an occupant of the dormitory which was burned, while here the admitted arsonist was also the owner and, apparently, the sole occupant of the trailer. The latter's intention as the dweller may be relevant to the character of the structure at the time of ignition. *See Perkins, supra*

at 202–03. However, such an intention is not sufficient to divest the structure of its character as "an inhabited dwelling," where there is no indication that the occupant actually moved out or vacated the dwelling at the time of the burning. *Id.* In sum, appellant's theory that he cannot be convicted of aggravated arson because he intended to abandon his admitted residence just prior to setting it on fire cannot be accepted by this Court. Under the circumstances of this case, appellant's burning trailer could reasonably be assumed to be "an inhabited dwelling" to the general public including the fire department personnel who may have risked their lives responding to and fighting the fire and any neighbor who might have attempted to search the burning home in a rescue attempt.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Chief Judge (concurring):

Under the common law, it was well established that arson required the burning of the dwelling of another. I am reluctant to conclude that a change has been made in a common-law crime without a clear indication that Congress so intended. *Cf. United States v. Acevedo-Velez,* 17 M.J. 1 (C.M.A. 1983). However—although here the expression of legislative intent is less clear than I would have preferred—Judge Sullivan's opinion has persuaded me that Article 126(a), Uniform Code of Military Justice, 10 U.S.C. § 926(a), has eliminated an element of the common-law crime of arson and that no longer is it necessary to establish that the burned dwelling belonged to someone other than the accused.