UNITED STATES, Appellee,

v.

Randall D. BANTA, Specialist Four,
U.S. Army, Appellant.

No. 56,738.

CM 448786.

U.S. Court of Military Appeals.

May 9, 1988.

For Appellant: *Captain Donna L. Wilkins* (argued); *Lieutenant Colonel Paul J. Luedtke, Captain Kathleen A. Vander-Boom* (on brief); *Colonel Brooks B. La Grua.*

For Appellee: *Captain Cynthia M. Brandon* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Byron J. Braun* (on brief).

*Opinion of the Court*

COX, Judge:

The question in this case is whether appellant can be convicted of arson when he and the owner of the property in question collaborated to burn it so the owner could defraud an insurance company.* We hold that these circumstances do amount to arson and affirm.

Sergeant John D. Bonnett, appellant's squad leader, was experiencing financial difficulties. To relieve the pressure, he decided to trade his truck (and the attendant payments) for the proceeds of his vehicle insurance policy ($9,200.00). Not wishing to be implicated, of course, Bonnett induced appellant to burn the truck while Bonnett was elsewhere. Appellant complied, but they were found out.

For his part in the scheme, Bonnett was convicted of burning with intent to defraud, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Appellant was charged, *inter alia*, with conspiracy to commit larceny (of the insurance proceeds), larceny, simple arson, and burning with intent to defraud, in violation of Articles 81, 121, 126, and 134, UCMJ, 10 U.S.C. §§ 881, 921, 926, and 934, respectively. Pursuant to a pretrial agreement, he pleaded guilty only to simple arson.

During the providence inquiry, the military judge recited the elements of the offense thusly:

CHARGE I AND ITS SPECIFICATION) BECAUSE ONE WHO BURNS PROPERTY AT THE DIRECTION OF THE OWNER THEREOF CANNOT BE GUILTY OF ARSON.

---

* As styled by appellant, the granted issue is: WHETHER THE MILITARY JUDGE ERRED BY NOT REJECTING APPELLANT'S PLEA OF GUILTY TO ARSON (ADDITIONAL

First, that on or about 22 June 1985 at Fort Knox, Kentucky, you burned certain property, or I should say, you set on fire certain property, to wit: a truck, which was the property of Sergeant John D. Bonnett.

Second, that the truck was of a value of about $9,200.00.

Third, that this act by you was willful and malicious.

Elaborating on the last element, the military judge explained:

An act is done maliciously if done deliberately and without justification or excuse. The malice required for this offense does not have to amount to ill will or hostility. It is sufficient if a person deliberately and without justification or excuse burns or sets fire to the property of another.

After conferring with counsel, appellant stated that he understood the elements, that he had no questions about them, and that they correctly described what he had done. While the judge was eliciting the factual details, appellant acknowledged that he had known from the outset about Bonnett's financial straits and his intent to defraud the insurance company. Further, appellant admitted that their actions were "will[ful]," "wrong[ful]," and without "justification or excuse." He also conceded that his reasons for assisting Bonnett had nothing to do with their superior-subordinate relationship, but stemmed from "friendship" and "gratitude" for past favors rendered.

The judge then queried counsel as to their respective theories of criminality, noting that an owner is ordinarily entitled to destroy his own property. Both counsel asserted that it was the intent-to-defraud aspect that made appellant's conduct criminal. The military judge agreed. The pleas were thereafter accepted and the remaining specifications dismissed.

■ Now, before this Court, appellant takes the opposite view. He contends that his crime was not arson after all, but burn-ing with intent to defraud. We think he can be convicted of either.

"Simple arson" is denounced in Article 126(b) in these terms:

Any person subject to this chapter who willfully and maliciously burns or sets fire to the property of another, except as provided in subsection (a)[pertaining to burning of inhabited dwellings], is guilty of simple arson and shall be punished as a court-martial may direct.

The Manual for Courts-Martial, United States, 1984, is consistent, listing the elements as:

(a) That the accused burned or set fire to certain property of another;

(b) That the property was of a certain value; and

(c) That the act was willful and malicious.

Para. 52b(2), Part IV.

Neither provision defines "malicious," which is the only term even arguably troublesome here. The definition supplied by the military judge came directly from paragraph 3–100, Department of the Army Pamphlet 27–9, "Military Judges' Benchbook" (1982). *See also* para. 4–100, DA Pam 27–9, "Military Judges' Guide" (1969).

"Malice" is not a new concept to civilian or military law. *Black's Law Dictionary* 862 (5th ed. 1979) defines it as:

The intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent. A condition of mind which prompts a person to do a wrongful act willfully, that is, on purpose, to the injury of another, or to do intentionally a wrongful act toward another without justification or excuse. A conscious violation of the law (or the prompting of the mind to commit it) which operates to the prejudice of another person.

"Malicious" is similar:

Characterized by, or involving, malice; having, or done with, wicked or mischievous intentions or motives; wrongful

and done intentionally without just cause or excuse.

*Id.* at 863.

According to Blackstone (referring specifically to the burning of a dwelling—common law arson):

> The term *malice* ... does not imply a design to injure the party who is eventually the sufferer, but merely an evil and mischievous intention, however general, producing damage to individuals.

4 *Commentaries* 222 n. 4 (1859).

In Winthrop's view, again referring to common law arson:

> The burning must be *malicious,* that is to say committed with a criminal or felonious intent. Legal malice ... does not mean personal spite or hostility. In arson, therefore, it is not essential that the offender shall be actuated by a purpose to cause loss or injury to any particular individual. The "malice" may be express or implied; *express,* where the intent is to burn the particular house which is fired; *implied,* where the burning does not correspond with the precise design of the offender—as where the design is to burn the house of A, and that of B is actually burned instead, or where the burning has resulted from some other felony or criminal act which alone was originally contemplated.

*Military Law and Precedents* 681 (2d ed. 1920 reprint)(footnotes omitted).

Holmes seems even to have regarded the word as surplusage, declaring:

> It has been shown, in dealing with the criminal law, that, when we call an act malicious in common speech, we mean that harm to another person was intended to come of it, and that such harm was desired for its own sake as an end in itself. For the purposes of the criminal law, however, intent alone was found to be important, and to have the same consequences as intent with malevolence superadded.

*The Common Law* 104 (Howe ed. 1967).

■ We see nothing in the legislative history of the Uniform Code to indicate that the drafters intended some peculiar connotation; appellant's state of mind readily fits any of the foregoing descriptions.

Nonetheless, appellant maintains that his pleas were improvident because the charge of burning with intent to defraud (Art. 134) was somehow to be preferred. That offense contains these elements:

> (1) That the accused willfully and *maliciously* burned or set fire to certain property owned by a certain person or organization;
>
> (2) That such burning or setting on fire was *with the intent to defraud a certain person or organization;* and
>
> (3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 67*b*, Part IV, Manual, *supra* (emphasis added).

Obviously, the same sort of malice found in Article 126 is also present in the Article 134 offense. This recurrence seems to dispose of the claim that appellant cannot be guilty of arson due to a lack of malice aimed at the owner.

Still appellant contends that he cannot, in law, be convicted of arson unless Bonnett was also liable for arson. Arguably, Bonnett was immune from that charge because the property was his, not another's. In support of his thesis, appellant in his brief invokes A. Curtis, *A Treatise on The Law of Arson* § 53 at 66 (1936), for this proposition: "If the owner is not guilty of simple arson, then neither is the agent who sets the fire with consent or procurement of the owner."

The referenced passage, however, is less sweeping in scope. It states:

> *Granting that the circumstances are such that no criminal statute forbids an owner from destroying his own property,* he can do so by the employment of another. The use of another for that purpose will not create a crime. Nor can the agent be prosecuted, if he

sets the fire with the consent or procurement of *an owner who might lawfully do the act. If, however, the circumstances are such, as by reason of insurance, . . . that the owner may not burn the premises owned or occupied by him, his accomplice is equally responsible.*

(Emphasis added; footnotes omitted.)

Appellant also cites 5 Am.Jur.2d, *Arson* § 23 (1962), and *State v. Christendon,* 205 Kan. 28, 468 P.2d 153 (1970). The Am.Jur. statement is:

> If the owner in possession is not guilty of arson in burning his own property, then one who assists the owner in burning it or who burns it at the owner's request is not guilty of arson, for the agent's guilt can only be coextensive with that of the principal.

The applicability of this assertion is somewhat suspect in that the opinions upon which it was based were constructions of then-existing state statutes. *See State v. Greer,* 243 Mo. 599, 147 S.W. 968 (1912); *Heard v. State,* 81 Ala. 55, 1 So. 640 (1887); and *State v. Haynes,* 66 Me. 307 (1876).

*State v. Christendon, supra,* moreover, is clearly distinguishable. There the owner of the premises who solicited the burning "was convicted of insurance arson and third degree arson," while the charge of "first degree arson" against Christendon was dismissed at trial. The question the state supreme court was grappling with on appeal of the dismissal was whether the accused "could . . . be guilty of a more serious crime than the owner who hired him." The conclusion was that he could not. 408 P.2d at 154.

More recent state cases do not assist appellant. In *Weaver v. State,* 497 So.2d 1089 (Miss.1986), for example, the accused was charged with arson under a state statute which provided:

> Any person who willfully and maliciously sets fire to or burns . . . any building or structure . . . shall be guilty of arson in the second degree . . . .

Weaver contended, and the evidence apparently supported him, that the burning was solicited by the owner of the premises for the purpose of defrauding an insurer. Therefore, he contended that he should have been charged with defrauding an insurer, under a statute that carried a lesser maximum sentence. The Mississippi court disagreed:

> That this latter statute might also have covered and made unlawful the conduct of Weaver does not preclude his being charge[d] under the second degree arson statute.

*Id.* at 1093. *Cf. State v. Dunn,* 199 N.W.2d 104, 107–08 (Iowa 1972); *Goodwin v. State,* Tex.Cr.R. 375, 307 S.W.2d 264, 267 (1957).

■ Whatever the status of state law, past or present, nothing in the language or logic of our law suggests the limitation appellant seeks. *Cf. United States v. De Sha,* 23 M.J. 66, 69 (C.M.A.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987). We hold that malice, in arson, need not be directed at any particular being or entity. In this case, appellant's willingness to assist in defrauding the insurer was more than sufficient to constitute malice. The statutory prerequisites for simple arson were fully satisfied, as appellant himself conceded. Moreover, the maximum period of confinement for defrauding an insurer—the offense he now says was committed—is twice that for simple arson. *Compare* para. 52e(2)(b) *with* para. 67e, Part IV, Manual, *supra.* We are satisfied that his pleas to arson were provident.

The decision of the United States Army Court of Military Review is affirmed.

Judge SULLIVAN concurs.

EVERETT, Chief Judge (concurring in the result):

In *United States v. Acevedo-Velez,* 17 M.J. 1 (C.M.A.1983), this Court discussed at length the history of the crime of arson, as prohibited by Article 126, Uniform Code of Military Justice, 10 U.S.C. § 926. *See also United States v. Caldwell,* 17 M.J. 8 (C.M. A.1983). In light of that history, we concluded that the words "willfully and mali-

ciously"—as employed by Congress in defining aggravated arson—were intended to have their common-law meaning. Therefore, we repudiated an earlier opinion which indicated that arson required a specific, rather than merely a general, intent.

Later, in *United States v. DeSha*, 23 M.J. 66 (C.M.A.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987), we held that, since Congress had omitted the words "of another" in Article 126(a), an accused could be convicted of aggravated arson if he "willfully and maliciously" set on fire an inhabited dwelling of which he himself was the owner in possession. This deviation from common law was predicated on the express language of the Code; and there is no indication in the opinion in *DeSha* that we intended to retreat from the view that, unless there is specific statutory language to the contrary, we look to common law in determining what facts are required to prove arson.

Using that criterion, I conclude that the facts admitted by Banta during the providence inquiry are insufficient to establish arson. For one thing, I believe that at common law the requisite "malice" had to be directed at the property owner; and so, when property was burned with the owner's consent, this element was lacking. Although deletion of the words "of another" in Article 126(a) would change this result for aggravated arson, it would not affect simple arson.

Secondly, since, under the rationale of *DeSha*, Article 126(b) does not prohibit an owner from burning his own property, the owner's agent also cannot be convicted of arson for doing so. My premise in this regard is that, at common law, an agent who burns an owner's property at his request stands in the owner's shoes insofar as criminal liability is concerned. Therefore, since Bonnett, the owner of the truck which appellant burned, could not have been so convicted under Article 126(b), ap-pellant also cannot be so convicted. Insofar as Article 126(b) is concerned, appellant did not burn the property "of another" any more than Bonnett would have done so if he had torched the truck.

The majority opinion cites a passage from A. Curtis, *A Treatise on The Law of Arson* § 53 at 66 (1936). There the author states: "Nor can the agent be prosecuted, if he sets the fire with the consent or procurement of an owner who might lawfully do the act." Since Banta could have burned his own truck without violating Article 126(b), I infer from the quoted language that appellant also could not be prosecuted for arson.[1]

Furthermore, as one legal encyclopedia points out:

> If the owner in possession is not guilty of arson in burning his own property, then one who assists the owner in burning it or who burns it at the owner's request is not guilty of arson, for the agent's guilt can only be coextensive with that of the principal.

5 Am.Jur.2d, *Arson* § 23 (1962); *see also* § 27. Similarly, Corpus Juris Secundum states that, "[w]here it is no offense to burn one's own house, a person is not liable either as principal or accessory for procuring another to burn the house, *or for burning another's house at the latter's request.*" 6A C.J.S. Arson § 22 (emphasis added).

The legislative history of Article 126(b) reveals that the offense of simple arson "is essentially one against the property of someone other than the offender." Hearings on H.R. 2498 Before a Subcomm. of the House Armed Services Comm., 81st Cong., 1st Sess. 1233 (1949). According to the common-law view, no offense against a property owner has occurred if his property is burned with his consent. This result conforms with the basic principle that a person usually is not protected against acts to which he consents.[2] Absent some indica-

---

1. If the author meant the word "lawfully" to signify that such action was not prohibited by any statute whatsoever, then Judge Cox' interpretation would be correct.

2. For some crimes—such as statutory rape—consent is no defense, because the legislature wishes to protect persons who are too immature to give meaningful consent. I perceive no sim-

tion to the contrary in the legislative history, I am sure that Congress did not intend for Article 126(b) to change this result; and, accordingly, I see no reason why this Court should try to do so.

Although I do not believe the facts admitted by appellant fit within Article 126(b), clearly they established the crime of burning property with intent to defraud, for which both an owner and his agent may be prosecuted under Article 134, UCMJ, 10

ilar policy that would have led Congress to extend protection to the owner against a burning of his personal property to which he not only had consented but also which he had initiated.

**3.** I recognize that the military judge did not inquire of appellant whether he thought his

U.S.C. § 934. Under the circumstances, the maximum punishment for that offense is no greater than is authorized for the arson to which appellant pleaded guilty under Article 126(b). Accordingly—in view of the close relationship between the two crimes—I join in affirming the findings of guilty of simple arson.[3] *Cf. United States v. Wright*, 22 M.J. 25, 27 (C.M.A.1986); *United States v. Graves*, 20 M.J. 344, 346 (C.M.A.1985); *United States v. Felty*, 12 M.J. 438 (C.M.A.1982).

conduct was service-discrediting or contrary to good order and discipline; but this omission seems unimportant in the present context.