# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class KYLE A. PICCIRILLO**
**United States Army, Appellant**

ARMY 20140897

Headquarters, 7th Infantry Division
Jeffery D. Lippert, Military Judge
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant: Captain Heather L. Tregle, JA (argued); Major Aaron R. Inkenbrandt, JA; Captain Heather L. Tregle, JA (on brief); Colonel Mary J. Bradley, JA; Captain Heather L. Tregle, JA (on brief on specified issue).

For Appellee: Captain Robyn M. Chatwood, JA (argued); Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on brief); Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on brief on specified issue).

29 January 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

PENLAND, Judge:

A military judge sitting as a special court-martial convicted appellant, consistent with his pleas, of three specifications of conspiracy, larceny, simple arson, and receiving stolen property, in violation of Articles 81, 121, 126, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 926, and 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for 350 days, and reduction to the grade of E-1. The convening authority approved only 300 days of the confinement term and the remainder of the adjudged sentence.

We review appellant's case pursuant to Article 66, UCMJ. We have considered matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J.

431 (C.M.A. 1982); they lack merit. Appellant assigns one error which warrants discussion but no relief. We specified an additional issue for briefing and argument and, finding it constitutes legal error, grant relief in our decretal paragraph.

### 1. Terminal Element of Receiving Stolen Military Property

Appellant pleaded guilty to and was convicted of, *inter alia*, receiving stolen property,[1] "such conduct being to the prejudice of good order and discipline in the armed forces." The providence inquiry on the terminal element follows:

> MJ: Can you tell me why you believe your involvement in receiving the property, along with Sergeant Serini, from Specialist Scott, is prejudicial to good order and discipline.
>
> ACC: Because we cannot have Soldiers . . . stealing things in the military, Your Honor.
>
> MJ: Why not?
>
> ACC: It's part of the Army values, Your Honor, Integrity. It's as simple as that.
>
> MJ: It goes to discipline, correct?
>
> ACC: Yes, Your Honor.
>
> MJ: The Army provides that stuff for you and for all the other people in your unit to use as part of your training and preparations for winning our nation's wars, correct?
>
> ACC: Yes, Your Honor.
>
> MJ: And if you convert it to your own use, or someone steals it and then gives it to you, what does that do to discipline?
>
> ACC: It ruins it, Your Honor.

In his assigned error, appellant contends "the military judge failed to elicit a factual basis to support that [appellant's] conduct was prejudicial to good order and

---

[1] The items were advanced military thermal imaging devices, worth approximately $10,000 each.

discipline . . . ." We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citing *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We apply this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45(a); Rule for Courts-Martial 910(e).

Appellant relies on *United States v. Caldwell*, 72 M.J. 137, 140-42 (C.A.A.F. 2013) and *United States v. Cendejas*, 62 M.J. 334, 340 (C.A.A.F. 2006) ("Conduct that is prejudicial to good order and discipline is 'conduct that causes a reasonably direct and palpable injury to good order and discipline.'"). Those cases recite the correct legal standard, but their facts are significantly different from those before us now. Appellant admitted that he knew he was receiving advanced tactical optics from a fellow soldier who stole them from another company in his battalion, and that their purpose was for use in combat. We find no substantial basis to question appellant's providency to committing conduct prejudicial to good order and discipline. *See also United States v. Nance*, 67 M.J. 362 (C.A.A.F. 2009).

*2. Aiding and Abetting Simple Arson*

Appellant was also convicted of, *inter alia*, conspiring with Specialist (SPC) KD to commit simple arson[2] and the actual commission of that offense. By way of background, SPC KD was a fellow soldier who owned a car which had broken down. To avoid paying for repairs or the car itself, SPC KD hatched a plan to burn it and file a claim against his insurance policy. He asked appellant for help, which appellant rendered by purchasing lighter fluid and helping tow the car to a location which they assessed as suitable to the purpose. During the providence inquiry, appellant testified that SPC KD sprayed lighter fluid into the car, let it soak in, and then ignited it with a piece of paper he grabbed from the backseat of appellant's vehicle and lit a flame.

---

[2] The elements of simple arson are as follows:

    (a) That the accused burned or set fire to certain property of another;

    (b) That the property was of a certain value; and

    (c) That the act was willful and malicious.

*Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 52.b.(2).

The military judge briefly discussed criminal liability concepts found in Article 77, UCMJ (Principals), and appellant admitted, "I aided and abetted [SPC KD], Your Honor." However, neither the military judge nor the parties tackled the fundamental legal problem with appellant's culpability for simple arson: appellant helped SPC KD burn his own car. We find, as a matter of law, that appellant cannot be guilty of simple arson or conspiracy to commit that offense under these facts. "If the owner in possession is not guilty of arson in burning his own property, then one who assists the owner in burning it or who burns it at the owner's request is not guilty of arson, for the agent's guilt can only be coextensive with that of the principal." *United States v. Banta,* 26 M.J. 109, 113 (C.M.A. 1988) (Everett, C.J. concurring) (quoting 5 Am. Jur. 2d *Arson* § 23 (1962)).

The government argues that the majority opinion in *Banta* controls the result here. We disagree. The *Banta* majority focused not on the elemental question of whether petitioner burned the property "of another," but instead, if he did so maliciously—a completely different element under Article 126. *Banta*, 26 M.J. at 112.

## CONCLUSION

The findings of guilty of Specification 3 of Charge I, and the Specification of Charge III and Charge III are set aside and DISMISSED. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged at least as severe a sentence as that which the convening authority ultimately approved. The approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of those findings set aside and dismissed by this decision are ordered restored.

Senior Judge HAIGHT and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4