UNITED STATES, Appellee

v

JAMES W. KELCHNER, Commander, U. S. Naval Reserve (Active), Appellant

16 USCMA 27, 36 CMR 183

---

No. 18,866

February 11, 1966

*Lieutenant John P. Meade,* USNR, argued the cause for Appellant, Accused.

*Colonel J. E. Hanthorn,* USMC, argued the cause for Appellee, United States. With him on the brief was *Lieutenant H. C. Donegan,* USNR.

### Opinion of the Court

QUINN, Chief Judge:

Tried on three specifications of dereliction of duty, in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892, the accused was convicted of two, and sentenced to dismissal. On review, a board of review set aside the findings of guilty as to one of the offenses, and reduced the sentence to a reprimand and forfeiture of $125.00 per month for two months. The accused brought the case to this Court on several assignments of error.

In pertinent part, the specification of which the accused stands convicted reads as follows:

"In that . . . [the accused] was, . . . [from February 29, 1964, to March 2, 1964] derelict in the performance of his duties as the Senior Member of an Aviation Information Team, in that he negligently failed adequately to supervise and assist in the work of procurement then being performed by Roy E. HUBBARD, YN2, USNR, at Oklahoma State University, Stillwater, Oklahoma, and at the University of Oklahoma, . . . as it was his duty to do."

One of the accused's contentions is that the law officer erred to his prejudice in denying a defense motion to make the specification more definite. He contends the specification gives no hint of the nature of the supervision and assistance required of him, and made an effective defense "impossible." Cf. United States v McCall, 11 USCMA 270, 29 CMR 86. Lack of particularization is also alleged as to the word "adequately." Assuming, without deciding, that the word implies a deficiency sufficient to constitute dereliction of duty, there is no indication as to what was inadequate in the accused's assistance and supervision. Apparently, the draftsman of the specification did not intend the word "adequately" to have the same meaning as the word "negligently" in the operative phrase "negligently failed adequately to super-

vise and assist." Negligence imports the failure to act as a rea- sonable, prudent person in like circumstances. That is the normal standard of conduct required of a person in the performance of duty and is the standard discussed in the Manual for Courts-Martial as the basis for a charge of dereliction of duty. Manual for Courts-Martial, United States, 1951, paragraph 171c. "Adequately," however, imports a standard of achievement sufficient for a specific requirement. See Webster's Third New International Dictionary, page 25. Performance may be inadequate because of ineptitude, rather than willfulness, negligence, or culpable inefficiency, which is required for dereliction of duty. Manual, supra, paragraph 171c, page 325. At the very least, therefore, we would expect the inadequacy of performance to be spelled out so that the accused would know the precise nature of his alleged misconduct. However, we need not consider the correctness of the law officer's ruling denying the motion to make more definite. Our review of the record of trial discloses a more fundamental deficiency.

The Government's case against the accused consisted of the testimony of Yeoman Hubbard and a memorandum defining three separate groups of responsibilities of a Procurement Officer on a visit to a college for personnel procurement. The substance of Hubbard's testimony as to the alleged deficiency in the accused's supervision and assistance is summarized in the following excerpt from the record of trial:

"LO: . . . Is there anything that he could have done that you might have expected that he could have done—should have done—that he didn't do?

"WIT: No, sir. I would like to say one thing. The only time—the only thing that I could see where it would be, would be the fact that the display area was unmanned at the time when I would have to leave to administer tests or something like that. I don't know of any other reason why."

Nothing in the memorandum of re-sponsibility requires the Procurement Officer to be personally present in the display area while the enlisted member of the procurement team is absent therefrom on other duties. As defined in the memorandum, his only obligation in regard to the display area was "to arrange for display location and accomodations [sic] for testing." From the evidence, this responsibility was met by the accused. Assuming, however, that Hubbard's testimony supports an inference that, although not defined in the memorandum, it was also the duty of the Procurement Officer to take steps to insure that a competent person was in the display area during Hubbard's absence on other duties, the evidence indicates the accused also carried out that obligation.

Yeoman Hubbard admitted the accused had a student in the Naval Reserve, at each of the schools visited, assigned to temporary active duty during the procurement team visit in order to sit "at the table" with Hubbard. On one occasion, the student was "ill and . . . wasn't at the campus all Monday." There is no evidence to indicate that the student's absence was brought to the accused's attention. It is true, as the board of review below noted, there is evidence from which it may be inferred that the accused went to Kansas City, Kansas. Hubbard testified this city was not within the area of procurement. Whether this evidence is sufficient to show an unauthorized absence, is immaterial. The accused was not tried for that offense. He was tried on a charge that he "negligently failed adequately to supervise and assist in the work of procurement" performed by Hubbard. The only inadequacy suggested by the evidence was that the display area was unmanned during Hubbard's absences. As to that, the evidence does not establish that the condition resulted from the accused's improper supervision of, or assistance in, Hubbard's work.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside, and the charge is ordered dismissed.

Judges FERGUSON and KILDAY concur.