OPINION OF THE COURT
RUSSELL, Judge:
A military judge convicted the appellant, on his pleas of guilty of conspiracy to secrete mail, dereliction of duty, secreting mail, and opening mail in violation of Articles 81, 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892 and 934 (1988) [hereinafter UCMJ]. A general court-martial composed of officer and enlisted members sentenced the appellant to a dishonorable discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to Private El. The convening authority approved the adjudged sentence.
This case is before the court for initial review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.
Relying on the case of United States v. Heagy, 17 U.S.C.M.A. 492, 38 C.M.R. 290, 1968 WL 5399 (1968), the appellant contends that his pleas of guilty relating to mail concealment were improvident because his responses during the providence inquiry coupled with the stipulation of fact failed to establish an unlawful purpose or intent on his part. We disagree.
I.
The appellant was the only mail clerk assigned to process the large quantity of mail addressed to soldiers attending Ranger training. During a health and welfare inspection, it was discovered that the appellant had taken a few pieces of unprocessed mail to his barracks room. Inasmuch as the appellant explained that he had brought the mail to his room in order to process it, the commander was concerned that the appellant was having difficulty keeping up with the mail. The commander admonished the appellant and warned him that he would not countenance any unnecessary delay in the mail. Additionally, to assure himself that the appellant did not need additional assistance in the mail room, his company commander asked the appellant repeatedly whether he needed help with those duties. In response, the appellant assured his commander that he had the situation under control. Notwithstanding his assurance, the appellant fell far behind in processing the mail. However, he did not request assistance. Instead, in order to conceal his dereliction, he removed a large quantity of unprocessed personal mail from the mail room and hid it in some nearby woods. Shortly thereafter, as part of a conspiracy with another soldier, he moved the concealed mail from the woods to the off-post home of his co-conspirator’s uncle. The uncle found the hidden mail and reported it to federal law enforcement authorities.
The foregoing information was before the military judge in a stipulation of fact. With those facts before him, the military judge engaged in the following colloquy regarding the appellant’s understanding and belief that his purpose in hiding the mail was wrongful:
*903 MJ: Did you have any lawful reason to secret the mail, in other words, did you do it wrongfully? You could secret mail because you thought the bad guys were going to steal it?
ACC: No, sir.
MJ: But you didn’t have a legitimate reason for doing it?
ACC: No, sir, I did not.
II.
In order to establish a provident plea, the military judge must explain the elements of each offense to the accused, and inquire of the accused into the facts and circumstances surrounding the act charged in order to establish a factual basis for the conclusion that the accused is, in fact, guilty. United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969). In United States v. Davenport, 9 M.J. 364, 367 (C.M.A.1980), the Court of Military Appeals stated that
[I]f the specification alleges, within its four corners, all elements of the offense in question; if the accused pleads guilty to that specification; and if the inquiry of the accused indicates not only that the accused himself believes that he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea, then the plea may be accepted by the military judge as provident.
However, if the accused sets up matters which are inconsistent with a plea of guilty, then the plea must be rejected. UCMJ art. 45, 10 U.S.C. § 845; see United States v. Shackelford, 2 M.J. 17 (C.M.A.1976). With this in mind, we proceed to consider whether the information revealed by the appellant during the Care inquiry established a sufficient factual basis to support the appellant’s pleas of guilty to the offenses at issue. Particularly, in light of the appellant’s assignment of error, we are concerned with whether it was necessary for the inquiry of the appellant to establish that the appellant’s act was done with “unlawful purpose or intent”.[1]
III.
A.
There are four types of mail violations that may be charged under Article 134: (1) violation of the federal penal statute alleged as a crime not capital, (2) violation of the specified military offense of taking the mail, (3) violation of the specified military offense of opening, secreting, destroying or stealing the mail, and (4) violation of an unspecified military offense, e.g., wrongfully failing to properly dispose of mail.
The general question whether “unlawful purpose or intent” is an element of mail violations charged under Article 134, UCMJ, was settled by the Court of Military Appeals in the case of United States v. Beach, 2 U.S.C.M.A. 172, 7 C.M.R. 48, 1953 WL 1512 (C.M.A.1953). Private First Class Beach pled guilty to “wrongfully and negligently” failing to properly dispose of mail entrusted to his care under circumstances prejudicial to good order and discipline or service discrediting, an unspecified violation of Article 134. However, he was punished for the offense of “taking” the mail, which carried with it a maximum punishment of five years confinement. See Manual for Courts-Martial, United States, 1951, para. 127c [hereinafter MCM, 1951]. “Taking” the mail was, as today, a specified offense under Article 134 that expressly includes an element of specific design to obstruct correspondence or to pry into the business or secrets of another. See MCM, 1951, Appendix 6, para. 151 (sample specification). Inasmuch as no unlawful purpose. or intent on the part of PFC Beach was alleged or established, the court set aside the sentence.
In dicta, the Beach court noted that the federal penal statute for “obstructing” the mail, as interpreted by federal courts, requires an element of unlawful purpose or intent. 38 C.M.R. at 292 (citing Fliashnick v. United States, 223 F. 736 (2d Cir.1915) and Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952)). However, the court expressly rejected the applicability *904 of that case law to offenses alleged under “one or the other of the first two clauses of Article 134 of the Code.” Beach, 7 C.M.R. at 49. They strongly asserted that such arguments were relevant only in eases alleging a violation of a federal penal statute under the third clause of Article 134 (citing United States v. Frantz, 7 C.M.R. 37, 1953 WL 1509 (C.M.A.1953)). Beach, teaches that Article 134 mail violations do not require proof of “unlawful purpose or intent” unless that element is specified in the Manual for Courts-Martial, or a “specific intent” crime or offense not capital is expressly alleged.
Private First Class Heagy pled guilty at trial to “wrongful and unlawful secretion” of the mail, a specified violation of Article 134. However, the Heagy court found that his plea was improvident because the facts were “not only inconsistent with accused’s guilt, but also tend to establish his innocence.” 38 C.M.R. at 292. Private First Class Heagy was faced with more mail than he was capable of processing. He informed his commander of the backlog and requested assistance, but meaningful assistance was never provided. Moreover, his part in the “concealment” was approved by the unit postal officer. Finally, the hiding place in the workroom adjacent to the mail room was known to the unit postal officer, raising a question as to whether the mail was concealed at all. Command neglect, the absence of the corpus of a crime, and the presence of the defenses of impossibility and obedience to superior orders were evident as the court set aside the findings and sentence and dismissed the charge. Id.
The Heagy court discussed the element of “unlawful purpose or intent” necessary to make out the federal crime of “obstructing” the mail. In so doing, the court implied that any wrongful taking of the mail alleged under Article 134 required the same proof of unlawful purpose or intent required to make out a violation of the federal “obstruction” statute. Id. Moreover, the court extended that reasoning to include the specified offense of “secreting” the mail as also requiring proof of unlawful purpose or intent.[2] We are satisfied that the Heagy court’s discussion of “unlawful purpose or intent” as applied to “secreting” the mail was not necessary to decide that case. Therefore, we consider that discussion to be mere dicta. Moreover, our reading of Beach and Frantz satisfies us that those cases were correctly decided. Accordingly we choose not to follow the dicta in Heagy, and hold that the military offense of “secreting” the mail under Article 134 does not require proof of unlawful purpose or intent.[3]
B.
The facts in Heagy are distinguishable from those in this case. Here, neither the commander’s failure to act nor color of authority operated to justify or excuse the appellant’s hiding of the mail. The appellant acted wrongfully to avoid possible disciplinary action and to thwart legitimate command oversight by secreting the mail off-post. That decision constitutes a fundamental breach of trust that was not present in Heagy-
Accordingly, we hold that the matters elicited during the plea inquiry sufficiently establish a factual basis for the appellant’s pleas of guilty to conspiring to secret the mail and to secreting the mail. They show that he secreted the mail without legal justification or excuse, under circumstances that were both prejudicial to good order and discipline and service discrediting.
IV.
We also hold that the dereliction of duty specification to which the appellant en *905 tered a plea of guilty was provident only with respect to one of the two duties stated therein. His guilty plea to failing to deliver or process the mail was improvident. Though appellant admitted that his taking of the mail from the mail room to his barracks room was unauthorized, he took it for the purpose of “sorting it” on his own time. Moreover, it is clear from the appellant’s description of events that the brief time span of the alleged diversion was too short to have had an adverse effect on the timely processing of the mail. Finally, the appellant believed that the letters at issue were “undeliverable”. These were matters clearly inconsistent with his plea of guilty because the facts do not establish that the act actually resulted in a failure to deliver or forward the mail in a timely manner. Inasmuch as the stipulation of fact does not clarify these inconsistencies, the plea was improvident in part.[4] We will correct this error in our decretal paragraph.
We have considered the appellant’s other contentions, including those raised pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.
The court affirms only so much of the findings of guilty of Charge I and its Specification as finds that the appellant, who knew of his duties, at Camp James E. Rudder, Eglin Air Force Base, Florida, on 15 August 1992, was willfully derelict in the performance of those duties in that he failed to secure the mail in the mail room as it was his duty to do, instead taking several pieces of mail to his barracks room, in violation of Article 92, UCMJ. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and United States v. Sales, 22 M.J. 305 (C.M.A.1986), the sentence is affirmed.
Senior Judge WERNER and Judge LANE concur.

. It does appear that the appellant did not unequivocally respond to the question of whether his conduct was wrongful. However, we are satisfied that his admissions sufficiently establish that he believed his act was wrongful.

. The military offenses of "taking” and "secreting” the mail are separately specified under Article 134 both in the 1951 and 1984 Manual for Courts-Martial. They differ in one important respect. "Taking” the mail contains an express element of unlawful purpose or intent; “secreting" the mail does not. Compare MCM, 1951, Appendix 6, paras. 151 and 152 with MCM, 1984, Part IV, paras. 93b(l) and 93b(2).

. We note that Heagy was cited in one reported case for the proposition that "purpose and intent" is an element of “secreting” the mail. United States v. Lago, 15 MJ. 503 (A.F.C.M.R. 1982), affd, 22 MJ. 9 (C.M.A.1986) (summary disposition). The Court in Lago upheld a conviction based on circumstantial evidence that Airman Lago secreted the mail with the intent to steal the government checks therein.

. The facts elicited by the military judge were sufficient to support a plea of guilty to a dereliction arising from the unauthorized removal of mail from the mail room.