*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Vashaun M. BLANKS, Senior Airman
United States Air Force, Appellant

**No. 17-0404**
Crim. App. No. 38891

Argued January 24, 2018—Decided February 28, 2018

Military Judge: Donald R. Eller Jr.

For Appellant: *Major Allen S. Abrams* (argued); *Brian L. Mizer*, Esq. (on brief); *Captain Patrick A. Clary.*

For Appellee: *Lieutenant Colonel G. Matt Osborn* (argued); *Colonel Katherine E. Oler* and *Lieutenant Colonel Joseph J. Kubler* (on brief); *Mary Ellen Payne*, Esq.

Judge OHLSON delivered the opinion of the Court, in which Chief Judge STUCKY, Judges RYAN and SPARKS, and Senior Judge EFFRON, joined.

———————

Judge OHLSON delivered the opinion of the Court.

Contrary to Appellant's pleas, a general court-martial with enlisted representation convicted Appellant of one specification of negligent dereliction of duty in violation of Article 92(3), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892(3) (2012).[1] Appellant's adjudged and approved sentence consisted of a bad-conduct discharge, confinement for thirty days, forfeiture of $1,546.00 pay per

---

[1] Appellant also was convicted contrary to his pleas of one specification of making a false official statement, one specification of larceny of military property, and one specification of obstruction of justice in violation of Articles 107, 121, and 134, UCMJ, 10 U.S.C. §§ 907, 921, 934 (2012). Pursuant to his pleas, Appellant was convicted of three specifications of making a false official statement in violation of Article 107, UCMJ. The court-martial acquitted Appellant of one Article 107, UCMJ, specification of making a false official statement and one Article 121, UCMJ, specification of larceny of military property.

month for two months, and a reduction to the lowest enlisted grade. The United States Air Force Court of Criminal Appeals affirmed the findings and sentence. *United States v. Blanks*, No. ACM 38891, 2017 CCA LEXIS 186, at *41, 2017 WL 1325170, at *15 (A.F. Ct. Crim. App. Mar. 16, 2017) (unpublished). We granted review of the following issue:

> In light of this Court's decision in *United States v. Haverty*, 76 M.J. 199 (C.A.A.F. 2017), did the military judge err when he instructed the members Appellant could be convicted of negligent dereliction of duty.

*United States v. Blanks*, 76 M.J. 473 (C.A.A.F. 2017) (order granting review).

We hold that the military judge did not err when he instructed the members that Appellant could be convicted of negligent dereliction of duty. Since the inception of the UCMJ, military law has recognized the offense of negligent dereliction of duty. *See United States v. Grow*, 3 C.M.A. 77, 86–87, 11 C.M.R. 77, 86–87 (1953); *Manual for Courts-Martial, United States* para. 171*c* (1951 ed.) (*MCM*). Further, we have continued to repeatedly recognize that negligence is an appropriate mens rea for certain dereliction offenses. *See, e.g.*, *United States v. Lawson*, 36 M.J. 415, 416 (C.M.A. 1993); *United States v. Powell*, 32 M.J. 117, 120–21 (C.M.A. 1991); *United States v. Dellarosa*, 30 M.J. 255, 259 (C.M.A. 1990); *United States v. Kelchner*, 16 C.M.A. 27, 28–29, 36 C.M.R. 183, 184–85 (1966). Because Appellant has not presented any persuasive reasons for this Court to overrule our prior decisions, there is no basis for us to disturb our precedent. Therefore, we affirm the judgment of the lower court.

## I.

The Government charged Appellant with willful dereliction of duty for failing to provide adequate financial support to his dependent spouse. Prior to the panel's deliberations on findings, the military judge instructed the members on both willful dereliction of duty and the lesser included offense of negligent dereliction of duty. The military judge distinguished the greater offense from the lesser included offense

by noting that for willful dereliction of duty, the members had to determine "beyond a reasonable doubt that the accused . . . was *willfully* derelict in the performance" of his duties,[2] and that for negligent dereliction of duties, the members had to find "beyond a reasonable doubt that the accused . . . was *negligent* in the performance of those duties."[3] (Emphasis added.) The members convicted Appellant of the lesser included offense of negligent dereliction of duty.

## II.

Appellant challenges the military judge's negligent dereliction of duty instruction on the basis that negligence is not an authorized level of mens rea for the Article 92(3), UCMJ, dereliction of duty offense. Because he did not object to this aspect of the military judge's negligent dereliction of duty instruction, we review the instruction for plain error. *United States v. Haverty*, 76 M.J. 199, 208 (C.A.A.F. 2017).

Under the UCMJ, a servicemember who "is derelict in the performance of his duties[,] shall be punished as a court-martial may direct." Article 92(3), UCMJ. Although the statute does not explicitly identify a mens rea for this offense, we have long interpreted Article 92(3), UCMJ, as authorizing the military to punish a servicemember for negligent dereliction of duty. *See Lawson*, 36 M.J. at 416; *Powell*, 32 M.J. at 120; *Dellarosa*, 30 M.J. at 259; *Kelchner*, 16 C.M.A. at 28–29, 36 C.M.R. at 184–85; *Grow*, 3 C.M.A. at 86–87, 11 C.M.R. at 86–87.

In light of this long line of precedent, the military judge did not err, plainly or otherwise, by instructing the members on the negligent dereliction of duty offense. Appellant acknowledges our prior decisions, but he requests that we overrule this precedent. We decline his invitation to do so.

---

[2] The military judge informed the members: " 'Willfully' means intentionally. It refers to the doing of an act, and purposely, specifically intending the natural and probable consequences of the act."

[3] The military judge defined negligently to mean "an act or failure to act by a person under a duty to use due care which demonstrates a lack of care which a reasonably prudent person would have used under the same or similar circumstances."

"[W]hen this court considers a request to overrule a prior decision of the court, we analyze the matter under the doctrine of *stare decisis.*" *United States v. Quick*, 74 M.J. 332, 335 (C.A.A.F. 2015). This doctrine provides that "adherence to precedent is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *United States v. Sills*, 56 M.J. 239, 241 (C.A.A.F. 2002) (per curiam) (internal quotation marks omitted) (quoting *Payne v. Tennessee*, 501 U.S. 808, 827 (1991)). Stare decisis is "'most compelling' where courts undertake statutory construction" as is the case here. *United States v. Rorie*, 58 M.J. 399, 406 (C.A.A.F. 2003) (quoting *Hilton v. South Carolina Public Ry. Comm'n*, 502 U.S. 197, 205 (1991)). However, this doctrine "is not an inexorable command." *United States v. Falcon*, 65 M.J. 386, 390 (C.A.A.F. 2008) (internal quotation marks omitted) (quoting *Payne*, 501 U.S. at 828). We consider the following factors in evaluating the application of stare decisis: "whether the prior decision is unworkable or poorly reasoned; any intervening events; the reasonable expectations of servicemembers; and the risk of undermining public confidence in the law." *Quick*, 74 M.J. at 336 (footnote omitted). A party must present a "special justification" for us to overrule prior precedent. *Kimble v. Marvel Ent., LLC*, 135 S. Ct. 2401, 2409 (2015).

Examining this case through the prism of stare decisis, Appellant has failed to provide sufficient justification to disturb this Court's negligent dereliction of duty precedent. First, in *Haverty*, we explained that "if a court determines that Congress intended, either expressly or impliedly, to have a particular mens rea requirement apply to a certain criminal statute, then the court must construe that statute accordingly." 76 M.J. at 204. Here, prior decisions of this Court have determined the congressional intent regarding the mens rea requirement for certain dereliction offenses. Specifically, our Court precedent says that, "at the very least, . . . Congress intended to establish a simple-negligence standard" for dereliction of duty. *Lawson*, 36 M.J. at 421. Thus, consistent with *Haverty*, we have determined that negligence is an appropriate mens rea for dereliction of duty.

Second, although Appellant challenges the underpinnings of our conclusion that Congress intended for a negligence mens rea to apply to dereliction of duty, we are unpersuaded that his challenges should cause us to depart from stare decisis. Our prior decisions cited the *MCM*'s discussion of the negligent dereliction of duty offense. *See, e.g.*, *Lawson*, 36 M.J. at 419; *Grow*, 3 C.M.A. at 86–87, 11 C.M.R. at 86–87. Although the *MCM* is not binding, we have noted that the 1951 *MCM* "is itself persuasive in ascertaining what Congress intended at the time" of the UCMJ's enactment. *United States v. Clardy*, 13 M.J. 308, 315 (C.M.A. 1982). We have further recognized that the *MCM* "explains [the dereliction of duty] offense as it is generally recognized in military law." *Powell*, 32 M.J. at 120. We therefore conclude that our recognition of a negligent dereliction of duty offense is not unreasonable or clearly wrong.

Third, while free to do so, Congress has not acted to amend the dereliction of duty statute even though both the *MCM* and this Court's case law have recognized since 1951 that negligence is an appropriate mens rea in certain circumstances.[4] *See Watson v. United States*, 552 U.S. 74, 82–83 (2007) (stating that "long congressional acquiescence has enhanced even the usual precedential force we accord to our interpretations of statutes" (internal quotation marks omitted)).

Fourth, dereliction of duty is a uniquely military offense "specifically intended by Congress to ensure the proper performance of duty within the military service." *Lawson*, 36 M.J. at 422. Servicemembers' military duties relate to "activities which are reasonably necessary to safeguard and protect the morale, discipline and usefulness of the members of a command and are directly connected with the maintenance of good order in the services." *United States v. Martin*, 1 C.M.A. 674, 676, 5 C.M.R. 102, 104 (1952). Thus, the dereliction of duty offense promotes good order and discipline in the military. In light of the military nature of the offense

---

[4] *See Grow*, 3 C.M.A. at 86–87, 11 C.M.R. at 86–87; *MCM* para. 171*c*.

and its limited authorized punishment,[5] a negligence mens rea standard is appropriate for certain dereliction offenses.

Fifth and finally, overruling our precedent would have repercussions within the military justice system. Military law maintains obedience and discipline to ensure that servicemembers are ready to perform their mission. *See Parker v. Levy*, 417 U.S. 733, 744 (1974); *see also Schlesinger v. Councilman*, 420 U.S. 738, 757 (1975) ("To prepare for and perform its vital role [to fight or be ready to fight], the military must insist upon a respect for duty and a discipline without counterpart in civilian life."). A negligent dereliction of duty offense provides commanders with one means to assure that the objectives of the military mission are achieved by holding servicemembers accountable for performance of their military duties whether by court-martial or nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815 (2012). Overruling our precedent would undermine an important facet of the commander's ability to enforce accountability of military members' responsibility to perform their duties.

Upon consideration of these five factors, we conclude that Appellant has not demonstrated any justification for this Court to overrule our prior negligent dereliction of duty decisions. Instead, these cases have "effectively become part of the statutory scheme." *Kimble*, 135 S. Ct. at 2409.[6]

**III.**

For the reasons set forth above, the military judge did not plainly err by providing the members with a negligent dereliction of duty instruction. Accordingly, we affirm the judgment of the United States Air Force Court of Criminal Appeals.

---

[5] The President's authorized maximum punishment for negligent dereliction of duty is forfeiture of two-thirds pay per month for three months and confinement for three months. *MCM* pt. IV, para. 16.e.(3)(A) (2012 ed.).

[6] Of course, Congress may revise Article 92(3), UCMJ, if it disagrees with this precedent. *See Kimble*, 135 S. Ct. at 2409 (noting that once a court engages in statutory interpretation, it is up to Congress "for acceptance or not as that branch elects").