# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM 24042

————————————

### UNITED STATES
*Appellee*

**v.**

### Onetera G. NELSON
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary[1]
Decided 24 October 2025

————————————

*Military Judge*: David M. Cisek.

*Sentence*: Sentence adjudged 17 January 2024 by SpCM convened at Tyndall Air Force Base, Florida. Sentence entered by military judge on 21 February 2024: A reprimand.

*For Appellant*: Lieutenant Colonel Luke D. Wilson, USAF; Major Frederick J. Johnson, USAF.

*For Appellee*: Colonel Matthew D. Talcott, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF; Major Kate E. Lee, USAF; Major Tyler L. Washburn, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire; Jack C. Korologos, Legal Extern.[2]

Before JOHNSON, KEARLEY, and MCCALL, *Appellate Military Judges*.

Judge MCCALL delivered the opinion of the court, in which Chief Judge JOHNSON and Judge KEARLEY joined.

————————————

[1] Appellant appeals his conviction under Article 66(b)(1)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(b)(1)(A) (*Manual for Courts-Martial, United States* (2024 ed.)).

[2] Mr. Korologos is a legal extern who was at all times supervised by an attorney admitted to practice before this court.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

MCCALL, Judge:

A special court-martial composed of officer and enlisted members convicted Appellant, contrary to her pleas, of two specifications of negligent dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892.[3],[4] Appellant was sentenced by the military judge to a reprimand. The convening authority took no action on the findings or the sentence, and provided the language of the reprimand.

Appellant raises one issue on appeal, which we have reworded: whether the military judge erred in failing to instruct the members on the defense of ineptitude. We find no error materially prejudicial to Appellant's substantial rights and affirm the findings and sentence.

## I. BACKGROUND

Appellant entered the Air Force in 2014 as a public health technician. She remained in this career field through the time of her court-martial. On 1 June 2023, Appellant was assigned to a new role and began to have conflicts with her immediate supervisor. Part of Appellant's responsibilities were to conduct food facility inspections and file the reports in various electronic and hard copy filing systems. Appellant's supervisor identified multiple missing reports and tasked Appellant via email to update them. Appellant's supervisor also identified five inspections that were improperly marked as completed without following the appropriate review process. Appellant indicated she felt like she was being "badger[ed]" about her tasks, and "micromanaged." Appellant admitted to her flight chief that she was not doing her work because of her conflict with her supervisor and asked her leadership to remove her supervisor from the unit.

A panel of officers and enlisted members convicted Appellant for negligent dereliction in the performance of her duties when she failed to update facility folders on the office shared drive (Specification 2 of Charge I), and failed to

---

[3] Unless otherwise noted, all other references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[4] Appellant was found not guilty of another specification of negligent dereliction of duty, in violation of Article 92, UCMJ; and two specifications of false official statement, in violation of Article 107, UCMJ, 10 U.S.C. § 907.

properly complete the process for five inspections (Specification 3 of Charge I). The members acquitted Appellant of all other offenses. The military judge sentenced Appellant to a reprimand.

## II. DISCUSSION

Appellant contends the military judge erred by failing to instruct the members on the defense of ineptitude when Appellant committed the offense of dereliction of duty. Appellant claims the military judge was required to instruct on the defense of ineptitude as there was evidence Appellant had an inability to accomplish her duties because of her mental health issues.

### A. Additional Background

After the presentation of evidence, the military judge discussed the findings instructions with both parties before reading them to the members. After reading the draft instructions aloud, with the members absent, the military judge asked both parties if there were any objections. Appellant's trial defense counsel indicated there were no objections. The military judge asked if there were any other instructions the parties requested, and the trial defense counsel responded in the negative. The military judge then printed out the draft instructions and gave the parties a 30-minute recess to review them. When court reconvened, the military judge confirmed both parties had an opportunity to review the findings instructions and asked whether there were any objections, with the members present. The trial defense counsel again stated they had no objection to the findings instructions.

### B. Law

Whether a panel was properly instructed is a question of law reviewed de novo. *United States v. Medina*, 69 M.J. 462, 465 (C.A.A.F. 2011) (citation omitted). Military judges are required to "determine and deliver appropriate instructions." *United States v. Barnett*, 71 M.J. 248, 249 (C.A.A.F. 2012) (quoting *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008)). Required instructions include, *inter alia*, a "description of the elements of each offense charged," any applicable special defenses, and "[s]uch other explanations, descriptions, or directions as may be necessary and which are properly requested by a party or which the military judge determines, sua sponte, should be given." Rule for Courts-Martial (R.C.M.) 920(e).

An affirmative defense is "'in issue' when 'some evidence, without regard to its source or credibility, has been admitted upon which members might rely if they choose.'" *United States v. Schumacher*, 70 M.J. 387, 389 (C.A.A.F. 2011) (quoting *United States v. Lewis*, 65 M.J. 85, 87 (C.A.A.F. 2007)) (additional citation omitted). "'[S]ome evidence,' entitling an accused to an instruction, has not been presented until 'there exists evidence sufficient for a reasonable jury

to find in [the accused's] favor.'" *Id.* (second alteration in original) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)) (additional citations omitted).

### 1. Ineptitude

Paragraph 18.c.(3)(d), *Manual for Courts-Martial, United States* (2019 ed.) (*MCM*), delineates the defense of ineptitude for dereliction of duty in violation of Article 92, UCMJ. That paragraph states:

> A person is not derelict in the performance of duties if the failure to perform those duties is caused by ineptitude rather than by willfulness, negligence, or culpable inefficiency, and may not be charged under this article, or otherwise punished. For example, a recruit who has tried earnestly during rifle training and throughout record firing is not derelict in the performance of duties if the recruit fails to qualify with the weapon.

*MCM,* pt. IV, ¶ 18.c.(3)(d); *see also United States v. Powell,* 32 M.J. 117, 120–21 (C.M.A. 1991).

The *Powell* court referenced an earlier *MCM* version of this definition where it provided additional examples of situations where ineptitude would apply, including culpable inefficiency, defined as inefficiency for which there is no reasonable or just cause. Under culpable inefficiency, if it appears the accused had the ability and opportunity to perform the duties in question efficiently, but still performed them inefficiently, the member would be derelict in this duty. *See Powell,* 32 M.J. at 120–21 (citing *Manual for Courts-Martial, United States* (1951 ed.), pt. IV, ¶ 171.c)). The *Powell* court further opined:

> [i]neptitude as a defense is largely fact-specific, requiring consideration of the duty imposed, the abilities and training of the soldier upon whom the duty is imposed, and the circumstances in which he is called upon to perform this duty. The factfinder must determine whether this defense exists in a particular case.

*Id.* at 121 (citations omitted). Thus, ineptitude is not a defense for inefficiency for a member who has the ability and training yet fails to accomplish assigned tasks.

### 2. Waiver

Whether an appellant has waived an issue is a legal question this court reviews de novo. *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020) (citation omitted). However, "[t]here is 'a presumption against the waiver of constitutional rights, and for a waiver to be effective it must be clearly established that there was an intentional relinquishment of a known right or privilege.'" *United States v. Smith*, 85 M.J. 283, 287 (C.A.A.F. 2024) (quoting *United States*

*v. Sweeney*, 70 M.J. 296, 303–04 (C.A.A.F. 2011)). Where an appellant "affirmatively decline[s] to object to the military judge's instructions and offer[s] no additional instructions," he may thereby affirmatively waive any right to raise the issue on appeal, even "in regards to the elements of the offense." *Davis*, 79 M.J. at 331 (citations omitted). Instructions that would be otherwise required may be waived, such as instructions on affirmative defenses. *See, e.g., United States v. Rich*, 79 M.J. 472, 477 (C.A.A.F. 2020); *United States v. Gutierrez*, 64 M.J. 374, 377–78 (C.A.A.F. 2007). A valid waiver leaves "no error for [a reviewing court] to correct on appeal." *Davis*, 79 M.J. at 331 (citation omitted).

**C. Analysis**

At issue are two questions, first, does waiver apply to a military judge's *sua sponte* responsibilities to instruct on affirmative defenses, and second, did Appellant's actions constitute an "affirmative waiver." We answer both in the affirmative and find, under *Davis*, Appellant affirmatively waived the defense of ineptitude instruction. *See* 79 M.J. at 332.

Our superior court, the United States Court of Appeals for the Armed Forces (CAAF), has ruled that findings instructions, to include instructions which are required, like affirmative defenses, may be waived. *See, e.g., Rich*, 79 M.J. at 477; *Gutierrez*, 64 M.J. at 377–78. However, Appellant argues the application of this precedence should be limited. In support, Appellant highlights the recent United States Army Court of Criminal Appeals (ACCA) decision which held that *Davis* does not apply to affirmative defense instructions which the military judge was required to raise sua sponte, and advocates we do the same. *See United States v. Coley*, No. ARMY 20220231, 2024 CCA LEXIS 127 (A. Ct. Crim. App. 13 Mar. 2024) (unpub. op.), *aff'd on other grounds*, __ M.J. __, No. 24-0184, 2025 CAAF LEXIS 407 (C.A.A.F. 27 May 2025) (mem.).[5]

We do not find the *Coley* court's reasoning persuasive. First, while the ACCA distinguishes the instructions arising from the military judge's sua sponte responsibilities, claiming they cannot be waived, vice other instructions which can be waived by an affirmative declination to object, the Rule does not make the same distinction. Instead, R.C.M. 920 indicates required instructions should be given regardless of whether they are properly requested by a party

---

[5] In *Coley,* the ACCA distinguished the facts of the case from *Gutierrez,* 64 M.J. 374, by finding CAAF's ruling only applied to proposed instructions that were specifically raised and affirmatively declined. They further distinguished the facts of *Coley* from *Davis,* 79 M.J. at 329, as the *Davis* court was solely focused on an affirmative declination to object to the military judge's instructions at trial, instead of the whether the military judge failed in his sua sponte duty to provide an affirmative defense instruction to the panel, regardless of trial defense counsel's lack of objection or request.

or given by a military judge, sua sponte. *See* R.C.M. 920(e). Therefore, since both instructions are mandatory, there is no justification for allowing waiver of one but not the other. Second, in *Davis*, the CAAF stated the appellant's affirmative declination to object to the military judge's instructions "waived *all objections* to the instructions." 79 M.J. at 331 (emphasis added) (citations omitted). The instructional error waived in *Davis* concerning an element of the offense is no less essential than an instruction on an affirmative defense, especially given that elements of an offense must always be instructed upon, whereas affirmative defense instructions are only required when raised by the evidence. *See also United States v. Proctor,* No. ACM S32554, 2020 CCA LEXIS 196 (A.F. Ct. Crim. App. 4 Jun. 2020) (unpub. op.) (holding appellant affirmatively waived defense of property instruction the military judge did not instruct on, sua sponte, when appellant did not request the instruction, nor did appellant object to the proposed instructions during multiple Article 39(a), UCMJ, sessions to discuss proposed findings instructions).

Having found *Davis* applies to affirmative defenses, the second question is whether the waiver in this case was effective, *i.e.*, was it an intentional relinquishment of a known right or privilege as per *Sweeney.* Appellant asserts because the affirmative defense of ineptitude was not proposed or discussed, trial defense counsel never *expressly* relinquished, or affirmatively waived, the instruction. During the court-martial, the military judge reviewed the draft instructions with counsel, asked if there were any objections to the instructions, and trial defense counsel responded in the negative. The military judge then inquired about any other instructions, to which trial defense counsel responded there were "[n]o additional instructions." The military judge then gave counsel a 30-minute recess to "fully review" the instructions, in which trial defense counsel again indicated no objections to the instructions. Thus, trial defense counsel was given three opportunities to ask for additional instructions or object to the instructions on the record. They failed to do so. Like in *Davis,* Appellant's trial defense counsel "affirmatively declined to object to the military judge's instructions and offered no additional instructions." 79 M.J. at 331. As such, we conclude, as in *Davis,* Appellant's trial defense counsel "affirmatively waived any objection to the military judge's findings instructions." *Id.*; *see also United States v. Burnett*, No. ACM 39999, 2022 CCA LEXIS 342, at \*22–25 (A.F. Ct. Crim. App. 10 Jun. 2022) (unpub. op.) (finding affirmative waiver of an involuntary intoxication instruction despite Appellant's argument there was no intentional relinquishment as the military judge and parties did not analyze the involuntary intoxication defense on its own).

## III. CONCLUSION

The findings are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d), *Manual for Courts-Martial, United States* (2024 ed.). In addition, the sentence is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court